Filed 9/30/14  P. v. Adams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061302 |
| v. | (Super.Ct.No. FWV1401399) |
| BRENT ADAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Brent Adams was charged by felony complaint with infliction of corporal injury on a spouse. (Pen. Code,[1] § 273.5, subd. (a), count 1.) It was also alleged that he had served eight prior prison terms. (§§ 667.5, subd. (b).) Pursuant to a plea agreement, defendant pled guilty to count 1. The court struck the remaining allegations. In accordance with the plea agreement, the court sentenced him to the low term of two years in state prison and awarded 36 days of presentence custody credits.

Defendant filed a timely notice of appeal. We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged with and admitted that, on or about April 19, 2014, he committed the crime of inflicting corporal injury on his spouse, a felony. (§ 273.5, subd. (a).)

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether the waiver of the right to appeal, as part of defendant's plea agreement, was valid; (2) whether defendant's guilty plea was constitutionally valid; and (3) whether his counsel was ineffective. Counsel has also requested this court to undertake a review of the entire record.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten letter, defendant requests this court to modify his sentence. He asserts that his wife faxed medical evidence to his counsel showing that medication and beer affected his mental state and judgment at the time of the incident with his wife. Defendant believes the court would have given him a lesser sentence in view of this evidence. Thus, he argues that his counsel rendered ineffective assistance by failing to submit the evidence to the court. Defendant has failed to establish ineffective assistance of counsel (IAC).

"'To establish ineffective assistance of counsel under either the federal or state guarantee, a defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant. [Citations.]' [Citation.]" (*In re Roberts* (2003) 29 Cal.4th 726, 744-745.) "If a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient. [Citations.]" (*In re Crew* (2011) 52 Cal.4th 126, 150 (*Crew*).)

The submission of the alleged medical evidence to the court would not have resulted in a lesser sentence. Defendant voluntarily entered a plea agreement and agreed to the low term of two years in state prison. The court sentenced defendant in accordance with the plea agreement. Thus, there is no reasonable probability that, but for counsel's

3

alleged error in failing to submit the evidence, the court would have imposed a lesser sentence. As such, defendant's IAC claim fails. (See *Crew*, *supra*, 52 Cal.4th at p. 150.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

KING

J.

MILLER

J.